# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL WAYNE TURNER**                                         **CIVIL ACTION**
**(DOC# 129409)**

**VERSUS**

**CORNEL HUBERT, ET AL**                                          **NO. 07-794-C-M2**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, March 28, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

MICHAEL WAYNE TURNER                                    CIVIL ACTION
(DOC# 129409)

VERSUS

CORNEL HUBERT, ET AL                                    NO. 07-794-C-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Dismiss in Opposition to Plaintiff's Habeas Petition (R. Doc. 10) filed by respondents, Cornel Hubert and Attorney General James D. "Buddy" Caldwell (collectively "respondents"). Petitioner, Michael Wayne Turner a.k.a. Michael Capello ("Turner"), has filed an opposition (R. Doc. 17) to respondents' motion.

## FACTS & PROCEDURAL BACKGROUND

On October 29, 2007, Turner filed his habeas petition challenging the legality of his current incarceration by the Louisiana Department of Corrections at Elayn Hunt Correctional Center pursuant to a parole revocation that occurred on July 12, 2007. According to the record, Turner was convicted of armed robbery and attempted aggravated escape in Louisiana in 1990. He was released on parole supervision and to a detainer in the State of Virginia on April 2, 2003.[1] As part of his Louisiana parole conditions, if Turner was to be released for any reason prior to October 22, 2016, he was to report immediately to his parole supervisor in Tallulah, Louisiana, David Cagnolatti. Pursuant to an "Interstate Compact - Travel Permit," the Virginia Department of Corrections allowed Turner to

---

[1] Turner had been convicted of grand larceny in the State of Virginia and sentenced to one year.

1

relocate to North Carolina on November 30, 2005, with Turner's supervision to end on March 3, 2006. The North Carolina Department of Corrections sent a letter to the Virginia Department on March 3, 2006, advising that Turner had reached "final discharge" and that supervision may be closed. However, when Turner was released from supervision in North Carolina/Virginia, prior to October 22, 2016, he did not report to his Louisiana parole supervisor as required by his Louisiana parole conditions. On April 25, 2006, he was arrested and charged with possession of a controlled dangerous substance and incarcerated in Middlesex, New Jersey.

The Louisiana Probation and Parole Headquarters ("Louisiana Parole HQ") received word on April 26, 2006 that Turner had absconded supervision on or about March 2, 2005, by failing to report his release from the Virginia Department of Corrections, and on April 28, 2006, a violation warrant was issued to serve as a detainer with Middlesex County, New Jersey. On May 15, 2007, the Louisiana Parole HQ was advised that Turner was ready for transport, and he was extradited back to Louisiana. The parole headquarters recommended that Turner's parole be revoked for absconding supervision, which would result in an 81 month sentence. In so recommending, the parole board noted that Turner "fought extradition to the u[t]most . . . which indicates he is determined to remain in total non-compliance with regards to his LA parole supervision."

On June 13, 2007, Chief Probation and Parole Officer Genie C. Powers sent Turner a letter advising him that he would be given a parole revocation hearing at Elayn Hunt Correctional Center on July 12, 2007 at 8:30 a.m. and notifying him of his various rights in connection with that hearing, including the right to speak and present witnesses and/or documents on his own behalf and to retain counsel or, if indigent, to request appointed

2

counsel for the hearing.  The letter also specifically advised Turner that the condition of parole that he was alleged to have violated was that he absconded supervision on or about March 2, 2005 until made available to the Louisiana Department of Corrections from Middlesex County, New Jersey, on May 15, 2007.

On June 22, 2007, Turner completed a "Parole Revocation Questionnaire," in which he indicated that he would speak on his own behalf at his parole revocation hearing,  and signed a "Parole Revocation Hearing Acknowledgment Receipt," which acknowledged that he had been notified of his hearing and that he was aware of the various rights of which he had been advised in Ms. Powers' June 13, 2007 "Notice of Final Revocation" letter.

On July 12, 2007, Turner's parole revocation hearing was held.  The "Parole Revocation Decision" indicates that Turner did not request appointed counsel at either his preliminary or his final revocation hearings and that he was not eligible for appointed counsel.  Turner pled not guilty to the alleged violation of his parole conditions.  The parole board considered the following evidence in making its decision: the Activity Report, Violation Report, Narrative report, and/or the Preliminary Hearing Report presented by Turner's parole officer and/or hearing officer as well as oral and/or written testimony. Based upon such evidence, three members of the parole board determined that revocation of Turner's parole was appropriate.

Although Turner's allegations in his present habeas petition are somewhat unclear, it appears that he is challenging the outcome of his parole revocation hearing on July 12, 2007, on the ground that he had "finished his commitment" to the State of Louisiana at the time he was released from supervision in Virginia/North Carolina pursuant to the "Interstate

Compact - Travel Permit" and his "discharged paper."[2]  He asserts that, although he presented the Louisiana Parole Board with his "travel permit" and "discharged paper" at his parole revocation hearing, the Parole Board did not "verif[y]" such documents, a contention that could arguably be construed as a challenge to whether the Louisiana Parole Board followed the procedural requirements of Louisiana law in revoking his parole.

## LAW & ANALYSIS

As to Turner's first allegation that the Louisiana Parole Board's decision to revoke his parole on July 12, 2007, was improper based upon the evidence he presented at his parole revocation hearing, the Court finds that such allegation should be dismissed based upon La. R.S. 15:574.11(A), which provides in pertinent part:

> No prisoner or parolee shall have a right of appeal from a decision of the board regarding release or deferment of release on parole, the imposition or modification of authorized conditions of parole, the termination or restoration of parole supervision or discharge from parole before the end of the parole period, or the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing under R.S. 15:574.9.

La. R.S. 15:574.11(A).  In challenging the outcome of his parole revocation hearing, Turner is seeking an appeal of that decision in this Court, which is impermissible.  *Madison v. Ward*, 2000-2842 (La. App. 1 Cir. 7/3/02), 825 So.2d 1245.[3]

---

[2] That contention is asserted again in Turner's opposition to the present motion filed on March 3, 2008, wherein he states that, "[a]lthough the parole board may have great discretion in its actions[,] no authority has been granted [] by any jurisdiction [] to revoke the parole of an individual who is no longer on parole and has [been] provided discharge papers showing just that."

[3] The clear meaning of La. R.S. 15:574.11(A) is that there shall be *no appeal* of decisions of the parole board unless the procedural due process protections specifically afforded by the hearing provisions of La. R.S. 15:574.9 are violated.  *Id.*, citing *Smith v. Dunn*, 263 La. 599, 268 So.2d 670, 671 (1972).  Thus, pleadings challenging the actions of the parole

4

Additionally, La. R.S. 15:574.11(C) provides that a state district court shall have appellate jurisdiction over pleadings alleging a violation of La. R.S. 15:574.9, which sets forth the procedural requirements that the Louisiana parole board must follow in revoking parole for a violation of the conditions of parole.[4]  Thus, to the extent Turner is challenging his parole revocation on the ground that the parole board failed to comply with the procedures set forth in R.S. 15:574.9, this Court has no jurisdiction to hear such a claim, and it should be dismissed.

Finally, Turner's habeas petition does not contain any challenge to the constitutionality of Louisiana's parole revocation procedures (*i.e.*, that the procedures provided in La. R.S. 15:574.9 violate due process in general and/or as applied), and even if it did, the Court would nevertheless dismiss such a challenge in this case because Turner has failed to come forward with any competent evidence indicating that he exhausted his state court remedies relative to such a claim.[5]  Furthermore, Turner would be procedurally

---

board other than the denial of a revocation hearing, whether styled as writs of habeas corpus or captioned in some other fashion, should be dismissed.  *Id.*

[4] Pursuant to La. R.S. 15:574.11(C), the state district court's review "shall be conducted by the court without a jury and shall be confined to the revocation record . . . The court may affirm the revocation decision of the Board of Parole or reverse and remand the case for further revocation proceedings.  An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.  La. R.S. 15:574.9; *Bertrand v. Louisiana Parole Bd.*, 2006-0871 (La. App. 1 Cir. 3/28/07), 960 So.2d 979, 981.

[5] Turner has not presented any evidence that such a claim was first "fairly presented" to the state courts for review. *See, Harkins v. Wyrick*, 589 F.2d 387 (8th Cir. 1978)(While federal courts in habeas proceedings are bound by determinations of state Supreme Courts as to the "meaning and application" of state statutes, they may determine whether state statutes violate the U.S. Constitution after state courts have been "fairly presented" with the issue); *Moore v. Quarterman,* 2007 WL 1830724 (5th Cir. 2007)(Exhaustion requirement is satisfied if petitioner has "fairly presented the substance of his claim to the state courts"); *Bailey v. Hubert*, 2007 WL 1805065, *5 (E.D. La. 2007)(A federal court should abstain from the exercise of habeas jurisdiction if the issues raised by the petition may be resolved on the merits in the state courts or by some other state procedures available to the petitioner.  The exhaustion doctrine applied

barred from returning to state court to litigate claims concerning his parole revocation based upon La. R.S. 15:574.11(D), which provides a ninety (90) day peremptive period for seeking judicial review of parole revocations.[6]

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Dismiss in Opposition to Plaintiff's Habeas Petition (R. Doc. 10) filed by respondents, Cornel Hubert and Attorney General James D. "Buddy" Caldwell, be **GRANTED** and that this matter be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, March 28, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

to §2241(c)(3) is based on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process); *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

[6] *See, Simmons v. Wilkinson*, 2008 WL 521366 (W.D.La. 2008)(where the Western District of Louisiana recently dismissed with prejudice a habeas petitioner's due process challenge to his parole revocation because he failed to exhaust his state court remedies and because his challenge, even if "technically" exhausted, was procedurally defaulted because he could not return to the Louisiana courts to litigate his challenge since La.R.S. 15:574.11(D) provides a 90 day peremptive period for seeking judicial review of parole revocations. Furthermore, the petitioner failed to demonstrate cause for his failure to submit his federal constitutional claim in a systematic manner to the state courts or that it would be a miscarriage of justice if his constitutional claim was not considered by the federal habeas court).